IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| EDWARD C. YOUNG, | ) | |
| | ) | CASE NO. BK03-81322-TJM |
| Debtor(s). | ) | A08-8045-TJM |
| MARK BRADDOCK, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| EDWARD C. YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #15) and resistance by the defendant debtor (Fil. #20). Ryan D. Caldwell represents the debtor, and Denise L. Saathoff represents the plaintiff. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Having reviewed the complaint and the materials submitted on the summary judgment motion, I find that summary judgment is not the appropriate disposition of this adversary proceeding. Rather, it should be dismissed.

The complaint refers to both a pre-petition investment and a subsequent promissory note. The plaintiff states that he invested money with the debtor in 2001 in exchange for an ownership interest in a corporation that intended to renovate a Plattsmouth, Nebraska, school building into apartments. The school renovation did not occur, so the plaintiff asked for the return of his investment. Instead, the debtor granted the plaintiff an interest in certain residential construction projects in Papillion, Nebraska, and agreed to pay off part of the plaintiff's bank loan. In May 2003, the debtor filed his Chapter 13 case, without notice to the plaintiff, and obtained confirmation of a plan that did not deal with the purported debt to the plaintiff. In October 2003, the debtor executed a promissory note for $75,000 to the plaintiff. Only one monthly payment was made on that note. In May 2008, the plaintiff filed a state court lawsuit on the note, which prompted the debtor to amend his bankruptcy schedules to include this debt. The state court lawsuit was stayed and the plaintiff filed this lawsuit, alleging that the debt is non-dischargeable under various sections of 11 U.S.C. §§ 523(a).

It is apparent from the allegations in the complaint that the debt at issue is the promissory note. The note is a post-petition obligation – which was entered into without this court's

authorization under 11 U.S.C. § 364. As a post-petition debt, it is not subject to the automatic stay of 11 U.S.C. § 362(a) and cannot be included in the debtor's discharge. Therefore, the parties need not pursue this adversary proceeding to determine dischargeability. The plaintiff may proceed with his pending lawsuit in state court. See Everly v. 4745 Second Ave., Ltd. (In re Everly), 346 B.R. 791 (B.A.P. 8th Cir. 2006). However, unlike the debt in the Everly case, the debt here is post-petition, so the state court need not deal with any 11 U.S.C. § 523(a) issues.

      IT IS ORDERED: This adversary proceeding is hereby dismissed. The debt is a post-petition obligation which is not subject to discharge. The automatic stay does not prohibit the plaintiff from attempting to collect the debt via a state court lawsuit.

      DATED:      June 11, 2009

      BY THE COURT:

      /s/ Timothy J. Mahoney
      United States Bankruptcy Judge

Notice given by the Court to:
    Ryan D. Caldwell
    *Denise L. Saathoff
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.